I agree with the majority's rationale in affirming the claims discussed in Parts I through III of the opinion. However, I respectfully dissent from the majority's finding that the issue discussed in Part IV was not preserved for appellate review.
Part IV of the majority opinion creates the same concerns I had in Lewis v. State, 890 So.2d 214 (Ala.Crim.App. 2003). I understand that Rule 14.4(a)(1)(viii), Ala. R.Crim. P., specifically states that
 "[t]he fact that there is no right to appeal unless the defendant has, before entering the plea of guilty, expressly reserved the right to appeal with respect to a particular issue or issues, in which event appellate review shall be limited to a determination of the issue or issues so reserved."
(Emphasis added.) However, it is apparent that there was a discussion between defense counsel and Ginn about appealing the motion to suppress before the guilty plea was entered because trial counsel requested a recess to discuss with Ginn how *Page 805 
to proceed with the case. Afterwards, the trial court allowed Ginn to reserve his claim for appeal even though the objection technically followed the entry of his guilty plea.
 "THE COURT: All right. The Court will accept your plea of guilty in each of these two cases and adjudges you guilty of unlawful possession of a controlled substance in case 01-864, and I'll adjudge you guilty of unlawful manufacture of a controlled substance in the first degree in case 02-677. I'm going to defer sentencing in these cases until such time as I have the benefit of a pre-sentence report. . . . Is there anything else we need to address today?
 "MR. BAXLEY [the prosecutor]: Your Honor, I have filed notice with the Court of other collateral acts alleged against Mr. Ginn, including some 24 separate arrests for various items or offenses. . . . Since he now stands before the Court convicted of these offenses I would ask that the defendant's bond be revoked and be remanded.
 "MR. FRICKS [defense counsel]: Your Honor, we have received a copy of the document from the State. We have not had a chance to respond to that. We would like for the Court to recognize that we are preserving an issue on appeal which was whether the Court erred in ruling that the police officer in the case had a reasonable basis for accepting the consent of the purported landowners and also whether the search of the defendant's mobile home was in fact lawful. We want to make sure we reserve those two issues for appeal.
 "THE COURT: All right. Let the record reflect that. I think probably at the time of sentencing that needs to be renewed."
(135-36.)
The following transpired at sentencing.
 "THE COURT: . . . Now, let me explain to you, Mr. Ginn, that unless you specifically reserve an issue for appeal, you have no right to appeal convictions from guilty pleas, and I take it that there have been no issues reserved.
 "MR. FRICKS: Judge, the only issue that we might mention is back in August or June was the suppression issue. We would like to reserve it for appeal. We did have a motion to suppress issue.
 "THE COURT: All right. The Court notes that the defense has reserved for appeal the Court's ruling on the suppression issue that was taken up at the time the case was set for trial. . . ."
(R. 165-66.)
In Lewis I expressed my view that we should reexamine our caselaw concerning the preservation of issues by a defendant before entering a guilty plea.
 "I am concerned that the trial court's agreement to allow Lewis to preserve that issue for appellate review was part and parcel of his guilty-plea agreement. It is more than probable that trial counsel informed the defendant that, although he was pleading guilty, he was still preserving this issue for appeal; the trial court itself assured the defendant of that fact. One must ask whether Lewis would have pleaded guilty without an assurance that this issue had been preserved for appellate review. Cf. Tollett v. Henderson, 411 U.S. 258, 266, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) (`The focus of federal habeas inquiry is the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity.'). That is, I am concerned that if we hold that this issue was in fact not preserved for appellate review, when the defendant was apprised by both counsel and the trial court that the issue was *Page 806 
preserved, we are nullifying a portion of the plea agreement, and, in turn, rendering this guilty plea involuntary. McMann v. Richardson, 397 U.S. 759, 770, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) (`In our view a defendant's plea of guilty based on reasonably competent advice is an intelligent plea not open to attack on the ground that counsel may have misjudged the admissibility of the defendant's confession.' (emphasis added))."
Lewis v. State, 890 So.2d at 216 (Cobb, J., dissenting).
Based on the above, I must respectfully dissent from Part IV of the majority's opinion.